IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

KAN-PAK, LLC,                              )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )          Case No.08-1079-WEB
                                          )
HYDROXYL SYSTEMS, INC.,                   )
and DAN TURNER,                           )
                                          )
                    Defendant.            )

MEMORANDUM AND ORDER

On December 9, 2010, this court filed an Order to Show Cause (Doc. 23), ordering

defendant Hydroxyl Systems, Inc., to show cause why the Motion for Judgment based on the

Arbitration Award (Doc. 15) should not be considered and decided as an uncontested motion

pursuant to D.Kan. Rule 7.4.  The summons was delivered on January 7, 2011.  Defendant has

not filed a response.

Kan-Pac, LLC filed this suit against Hydroxyl Systems, Inc., and Dan Turner, alleging

claims of rescinding and voiding a contract, misrepresentation and failure to disclose, breach of

contract, and filing an invalid lien.  Hydroxyl System filed a motion to dismiss, or in the

alternative, to stay the case for purposes of arbitration.  The court granted Hydroxyl's motion to

stay for arbitration in Canada, as provided by the contract between the parties.  The Canadian

arbitrator found in favor of Kan-Pac, and granted judgment against Hydroxyl in the amount of

$2,324,831.91 for damages, and in the amount of &700,033.74 for payment under the

Agreement.  Kan-Pac filed an motion for judgment based on the arbitration award.

In the order granting the plaintiff's Motion to Stay for Purposes of Arbitration (Doc. 14),

the court found the Federal Arbitration Act applied to this case. The FAA states:

> If the parties in their agreement have agreed that a judgment of the court shall be
> entered upon the award made pursuant to the arbitration, and shall specify the
> court, then at any time within one year after the award is made any party to the
> arbitration may apply to the court so specified for an order confirming the award,
> and thereupon the court must grant such an order unless the award is vacated,
> modified, or corrected as prescribed in section 10 and 11 of this title. If no court
> is specified in the agreement of the parties, then such application may be made to
> the United States court in and for the district within which such award was made.
> Notice of the application shall be served upon the adverse party, and thereupon
> the court shall have jurisdiction of such party as though he had appeared generally
> in the proceeding. If the adverse party is a resident of the district within which
> the award was made, such service shall be made upon the adverse party of his
> attorney as prescribed by law for service of notice of motion in an action in the
> same court. If the adverse party shall be a nonresident, then the notice of the
> application shall be served by the marshal of any district within which the adverse
> party may be found in like manner as other process of the court.
>
> The contract between the parties contained an arbitration clause.
>
> "Arbitration - Any and all disputes or controversies arising under, out of or in
> connection with this contract or the sale or performance of the Products shall be
> resolved by final and binding in accordance with the provisions of the
> Commercial Arbitration Act of the Province of British Columbia. Representative
> hereby expressly agrees to the jurisdiction and venue of such court. The
> foregoing shall not prevent Hydroxyl from bringing any action in any other
> jurisdiction, in its discretion."

By agreeing to the law of Canada, the parties agreed to accept the award of the arbitrators.

Scherk v. Alberto-Culver Co., 417 U.S. 506, 516, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). The

parties did not include express language in the arbitration clause providing that a judgment of

this court would be entered upon the award. However, the parties agreed that the award should

be final. An arbitration award may be confirmed either where the award was made or in any

district proper under general venue principles. Cortez Byrd Chips, Inc. v. Hill Harbert Const.

Co., 529 U.S. 193, 195 (2000). Therefore, authority under the FAA to confirm an arbitration

award is not limited to the district court or venue where the award was made. P & P Indus., Inc.,

179 F.3d at 870.  In <u>Bowen v. Amoco Pipeline Co.</u>, 254 F.3d 925 (10th Cir. 2001), the Court

found that a finality clause was enough to constitute an agreement to have judgment entered by a

federal court pursuant to 9 U.S.C. § 9, as this would be "the only way to fulfill the parties' intent

to make the award final and binding."  <u>Id.</u> at 931 (quoting <u>Ok. City Assocs. v. Walmart Stores,</u>

<u>Inc.</u>, 923 F.2d 791, 795 (10th Cir. 1991)).  The parties may also agree to eliminate all court

review of the proceedings.  <u>Id</u>. at 931.  However, in the case at hand, the parties anticipated and

agreed to court jurisdiction.

There is an expectation that an arbitration procedure will be binding on the parties.  <u>P &</u>

<u>P Industries, Inc. v. Sutter Corp.</u>, 179 F.3d 861, 866 (10th Cir. 1999).  In <u>Scherk</u>, the court found

that courts would recognize the parties agreement to arbitrate, as well enforce the awards as

binding.  41 U.S. at 519-20.

Kan-Pak request the court enter judgment for pre-award interest and post -award interest.

28 U.S.C. § 1961 provides, "Interest shall be allowed on any money judgment in a civil case

recovered in a district court.... Such interest shall be calculated from the date of the entry of

judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as

published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding the date of the judgment."  The Third Circuit found that section 1961 does not apply to

prejudgment interest, and that in federal cases, the rate of prejudgment interest is "committed to

the discretion of the district court."  <u>Sun Ship, Inc. v. Matson Navigation Co.</u>, 785 F.2d 59, 63

(1986).  The Tenth Circuit agreed that prejudgment interest is subject to the discretion of the

district court.  <u>United Food and Commercial Workers, Local Union No. 7R v. Safeway Stores,</u>

<u>Inc.</u>, 889 F.2d 940, 949 (10th Cir. 1989).  In <u>Sun</u>, the court found that the "applicable rate turns

on whether this is a federal question case.... Although there is diversity of citizenship between Sun and Matson, Sun's action is to set aside, and Matson's action is to confirm, an arbitration award made pursuant to a contract that is both a maritime transaction and a contract in interstate commerce as defined by the Federal Arbitration Act." Id. However, other circuits have found that state law applies to the interest rate. "In diversity actions, interest is to be calculated according to the statutory rate prescribed by the law governing the contract." Weschester Fire Ins. Co. V. Massamont Ins. Agency, Inc., 420 F.Supp.2d 223, 226-27 (S.D.N.Y. 2005); Executone Info. Sys., Inc. v. Davis, 26 F.3d 1314, 1329 (5th Cir. 1994); Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc., 2003 WL 22056220 at 3 (N.D.Tex. 2003).

In United Food, the Tenth Circuit cited to Lodges 743 and 1746, Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO v. United Aircraft Corp., 534 F.2d 422, 446 (2d Cir. 1975), *cert denied*, 429 U.S. 825 (1976), in which the court stated that "the decision whether to award prejudgment interest is governed by federal law, although it may be proper, as a matter of convenience, to look to state law in order to determine the appropriate rate." 889 F.2d at 949.

Based on the law cited above, the court finds that prejudgment interest should be awarded. This case is based in breach of contract and misrepresentation, claims based in state law. In Kansas, the general rule is that prejudgment interest is allowable on liquidated claims. A claim becomes liquidated when both the amount due and the date on which such amount is due are fixed and certain or when the same becomes definitely ascertainable by mathematical calculation. Blair Const., Inc. v. McBeth, 273 Kan. 679, 689, 44 P.3d 1244 (2002). Prejudgment interest, at the Kansas rate, will apply from the date of the arbitration award to the date of judgment.

4

IT IS THEREFORE ORDERED that judgment be entered in favor of Kan-Pak, LLC, against Hydrozyl Systems, Inc., in the amount of $2,324,831.91 for damages and $700,033.74 for payment under the Agreement, and prejudgment interest from the date of the arbitration award to the date of judgment, at the Kansas rate of interest.

IT IS ORDERED that Kan-Pak, LLC, prepare a judgment to reflect the monetary award and interest as set out in this order.

IT IS SO ORDERED this 8th day of March, 2011.


   s/ Wesley E. Brown
Wesley E. Brown
Senior Judge, United States District Court